UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO NAVARRO-COVERT, JR., | No. C-09-6086 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO PROSECUTE** |
| R.J. REYNOLDS, INC., | |
| Defendant. | **(Docket No. 54)** |
| _____/ | |

## I. INTRODUCTION

Plaintiff Antonio Covert-Navarro Jr. brought this products liability suit against Defendant R.J. Reynolds, Inc., alleging that he suffered severe injuries from Defendant's radio. Compl. ¶¶ 8, 11. Defendant now moves to dismiss this case for Plaintiff's failure to prosecute.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff filed the instant suit in state court on October 1, 2009. Compl. at 1. Defendant removed the case to federal court on December 30, 2009, and a trial date of July 18, 2011 was set. Docket Nos. 1, 18. On June 16, 2010, Defendant served eleven document requests on Plaintiff, and the parties agreed on dates to depose Plaintiff, Plaintiff's mother, Plaintiff's grandfather, and Plaintiff's treating physicians. Docket No. 28 at 1. However, Plaintiff failed to produce any documents and cancelled all scheduled depositions. Docket No. 28 at 1. Plaintiff also stopped communicating with his attorney, causing Plaintiff's attorney to move to withdraw as attorney due to a breakdown in attorney-client relations. Docket No. 20 at 1.

In August 2010, the Court granted the motion to withdraw and vacated all pretrial and trial dates, staying the case for 90 days to allow Plaintiff to find a new attorney. Docket No. 23. In

October 2010, the Court ordered the parties to confer and file a joint case management statement prior to the December 2010 case management conference. Docket No. 25. Despite Defendant's repeated attempts to reach Plaintiff, Plaintiff did not respond, forcing Defendant to file an individual case management statement. Docket No. 26 at 1. Plaintiff also failed to find new counsel by the December 2010 case management conference, and the Court gave Plaintiff until January 26, 2011 to find new counsel, setting a new case management conference for that date. Docket No. 27.

The parties submitted an updated joint case management statement in January 2011, in which Plaintiff indicated that he would proceed in pro per. Docket No. 28 at 2. Plaintiff agreed to provide documents responsive to Defendant's June 2010 request by January 31, 2011. Docket No. 28 at 2. However, he did not. Moreover, Plaintiff then failed to appear at the January 2011 case management conference. Docket No. 30. The Court ordered Plaintiff to respond to Defendant's written documents and to file a supplemental disclosure with names and contact information for Plaintiff's treating physicians and grandfather by February 7, 2011. Docket No. 30. The Court also set a new trial date for June 4, 2012. Docket No. 30.

In the following months, Plaintiff produced eight documents in response to eleven document requests, a partial list of treating physicians, and the name of his grandfather. Docket No. 54 at 3. Plaintiff refused to sign and return authorizations to release his medical records to Defendant, preventing Defendant from preparing for depositions or evaluating the case for alternate dispute resolution. Docket No. 35 at 4.

At the April 2011 status conference, the Court again ordered Plaintiff to produce documents responsive to Defendant's June 2010 request, and contact information for Dr. E. McGee and Plaintiff's grandfather by May 18, 2011. Docket No. 37. The Court also ordered Plaintiff to submit the medical record authorizations or objections to the authorizations. Docket No. 37. The Court warned Plaintiff that failure to comply would result in sanctions, which could include dismissal of the case. Docket No. 37.

Following the April 2011 status conference, Plaintiff submitted all but three of the medical record authorizations and contact information for his grandfather. Docket No. 54 at 3. Plaintiff did not provide any documents responsive to Defendant's June 2010 request or information about his

1  treating physicians. Docket No. 38 at 3. At the June 2011 status conference, the Court again
2  ordered Plaintiff to produce the requested documentation, physician information, and medical
3  authorizations, warning that any documents not produced by June 22, 2011 would not be allowed
4  into evidence. Docket No. 41.

5  Plaintiff provided no further communications, documentation, or contact information to
6  Defendant by the August 2011 status conference. Defendant also found that contact information for
7  Dr. Arnold Abramo provided by Plaintiff was incorrect. Docket No. 43 at 3-4. At the August 2011
8  status conference, Plaintiff claimed that he sent the signed medical authorizations to Defendant by
9  facsimile. Docket No. 54 at 4. Defendant contends it never received them. The Court ordered
10 Plaintiff to submit proof that he faxed the medical authorization forms, and to submit updated
11 contact information for Dr. Abramo. Docket No. 45. Plaintiff failed to submit proof of the medical
12 authorization forms as ordered. The Court then issued an order excluding evidence that Plaintiff had
13 failed to provide, including: (1) documents responsive to Defendant's June 2010 document requests
14 that had not been produced by June 2011; (2) evidence of treatment by any treating physician whose
15 contact information were not provided by Plaintiff to Defendant in his March 1, 2011 list; and (3)
16 evidence of treatment by the three entities that were the subject of the three medical records
17 authorization forms not received by Defendant. Docket No. 49.

18 On November 1, 2011, Defendant served Requests for Admission and Interrogatories on
19 Plaintiff. Docket No. 56 ¶ 3 ("Vallete Decl."). Although Plaintiff's deadline to respond was
20 December 5, 2011, Plaintiff failed to provide any response. Vallete Decl. ¶ 3.

21 By December 2011, Plaintiff had failed to communicate with Defendant since the August
22 2011 status conference, other than an e-mail providing a faulty address for Dr. Abramo. Docket No.
23 51 at 1. Plaintiff then failed to appear at the December 2011 status conference, and the Court
24 excluded evidence related to treatment by Dr. Abramo because of Plaintiff's failure to provide
25 accurate contact information. Docket No. 53. The Court directed Defendant to file a motion to
26 dismiss for lack of prosecution. Docket No. 53; Docket No. 59 at 1.

27 Defendant then filed this motion to dismiss for lack of prosecution on January 4, 2012.
28 Docket No. 54. Plaintiff has not filed any opposition to this motion.

### III. **DISCUSSION**

"District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). This power is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). The Supreme Court has stated that this power "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30.

In a motion to dismiss for failure to prosecute, the court is required to weigh the following factors: (1) the court's need to manage its docket, (2) the public interest in expeditious resolution of litigation, (3) the risk of prejudice to defendants from delay, (4) the policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

In the instant case, Plaintiff has repeatedly failed to comply with discovery, resulting in numerous delays and preventing the parties from employing alternative dispute resolution. All but the fourth factor support dismissal. This case has been pending since December 2009. Plaintiff's failure to communicate with his attorney resulted in his attorney withdrawing in August 2010. Docket No. 23. As a result, the July 2011 trial date was vacated and ultimately pushed back to June 2012. Docket Nos. 23, 30. This June 2012 date has subsequently been pushed back another 60 days so that the Court could consider this motion to dismiss for failure to prosecute. Docket No. 59 at 3. Plaintiff is personally responsible for these delays, having cancelled depositions, and having failed to fully respond to Defendant's discovery requests that were made in June 2010, to appear at status conference, to participate in joint case management statements, and to comply with this Court's

4

orders. The Court's need to manage its docket and the public interest in expeditious resolution of litigation will be served by dismissal.

The third factor – prejudice to Defendant – supports dismissal. The Ninth Circuit has found that actual prejudice to a defendant is not required, as "[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). In this case, Defendant states that it has incurred substantial attorneys' fees and costs in serving discovery to Plaintiff and preparing for status conferences. Vallete Decl. ¶¶ 4, 5. Plaintiff has also given incorrect contact information to Defendant, requiring Defendant to incur additional costs. Docket No. 51.

Finally, the Court has already tried less drastic alternatives. The Ninth Circuit has suggested that "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirements." *Ferdik*, 963 F.2d at 1262. Here, the Court has gone beyond simply warning Plaintiff that his failure to obey could result in dismissal. At the April 2011 status conference, the Court warned Plaintiff that his failure to comply with discovery requests could result in sanctions, including the dismissal of the case. Docket No. 37. Despite this warning, Plaintiff did not fully comply with Defendant's discovery requests. Docket No. 38 at 3. At the subsequent June 2011 status conference, the Court informed Plaintiff that his failure to comply would result in the exclusion of all evidence not submitted by a specified deadline. Docket No. 41. When Plaintiff again failed to comply with the Court's directives, the Court excluded all of Plaintiff's evidence related to his treatment by doctors that Plaintiff had failed to provide contact information for, or evidence related to treatment by hospitals that Plaintiff had not provided complete authorizations for medical records. Docket No. 49 at 1-2. Prior to the December 2011 status conference, Plaintiff failed to provide accurate contact information for Dr. Abramo, resulting in the exclusion of further evidence. Docket No. 53. Because the Court has already employed several less drastic alternatives, with no apparent effect on Plaintiff, this factor weighs in favor of dismissal.

5

Taken together, these four factors outweigh the public policy favoring disposition of the case on its merits. Given Plaintiff's refusal to comply with his obligations herein and to prosecute this case, it is highly unlikely that this case would ever proceed to a decision on the merits.

## IV. CONCLUSION

The Court dismisses Plaintiff's claim for failure to prosecute. The Clerk of the Court is directed to close the file in this case and enter judgment in favor of Defendant.

This order disposes of Docket No. 54.

IT IS SO ORDERED.

Dated: February 24, 2012

_____
EDWARD M. CHEN
United States District Judge